United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-40006
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO ENRIQUE LOPEZ-ZELADON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1408-ALL
--------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Reynaldo Enrique Lopez-Zeladon (Lopez) appeals from his

conviction of illegal reentry following deportation.

Lopez challenges the constitutionality of 8 U.S.C.

§ 1326(b). His constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Rodriguez contends that Almendarez-Torres was

incorrectly decided and that a majority of the Supreme Court

would overrule Almendarez-Torres in light of Apprendi v. New

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Lopez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Lopez contends that the district court's imposition of sentence under the formerly mandatory Sentencing Guidelines scheme constituted reversible error, pursuant to United States v. Booker, 125 S. Ct. 738 (2005).  Lopez further contends that the Government cannot demonstrate that the district court's error was harmless beyond a reasonable doubt.  The Government concedes that error occurred, but it notes that the error was nonconstitutional in nature, it and argues that the error was harmless.

Because Lopez preserved his "Fanfan" challenge in the district court by raising an objection based on Blakely v. Washington, 124 S. Ct. 2531 (2004), we review for harmless error. United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Lopez differently under an advisory guideline sentencing regime.  See id. at 464.

Although the district court sentenced Lopez to the low end of the applicable, level-21, category-IV, sentencing range, its

comment that category III was fair, and its selection of a sentence in the "overlap zone" of categories III and IV, suggests that the court might have selected another sentence had the guidelines been advisory.  The Government has failed to demonstrate beyond a reasonable doubt that the district court would not have sentenced Lopez differently under an advisory guidelines sentencing regime.  See Walters, 418 F.3d at 464.  The Government thus has not carried its burden of showing harmless error.  See id.  We therefore remand Lopez's case to the district court to determine whether resentencing is needed.

AFFIRMED WITH REMAND FOR RECONSIDERATION OF THE SENTENCE.